## FORD MOTOR CO v JORDAN

Ohio Appeals, 2nd Dist, Franklin Co

No 2114. Decided Feb 23, 1932

Ballard, Jones & Hensel, Columbus, for plaintiff in error.

Hamilton & Kramer, Columbus, for defendant in error.

### BY THE COURT

The brief of plaintiff in error relies upon one ground only, viz., that the court erred in permitting the plaintiff to show that the defendant, through its Mr. Fred Hoffman, Supervisor in charge of the branch plant, of the Ford Motor Company, with headquarters at Dearborn, Michigan, had made similar contracts with other foremen at the time or about the time that the plaintiff claimed the contract in question was made.

Upon the state of the pleadings, it was incumbent upon the plaintiff to prove that if he had any agreement whatever with Mr. Hoffman, that he was authorized to act for and in behalf of the company in making such agreement.

It is asserted by counsel for defendant company that the plaintiff sought to use this class of testimony for the purpose of showing that the particular contract set up by the plaintiff was in fact made. Whatever the original purpose of counsel for plaintiff may have been, the court very

early in the trial definitely indicated the limits which in his judgment this testimony would be permitted to take. This is found at length at pages 7, 8 and 9 of the opening statement of counsel for plaintiff, and particularly at page 12, where, after Mr. Ballard had said:

"MR. BALLARD: There is no denial at all of the agency of Mr. Hoffman or of Mr. Petit of the Ford Motor Company. We will admit that Petit and Hoffman are agents of the Ford Motor Company.

"THE COURT: I will now instruct the members of the jury that whatever happens to this question, it has been permitted to go as far as it has gone only for the purpose of establishing the agency of Mr. Petit and these other gentlemen of the Ford plant, whose names I don't now recall."

Afterwards this proposal to admit the agency of Mr. Hoffman and Mr. Petit not being satisfactory to counsel for defendant, it was withdrawn. This class of testimony as offered was objected to and the court overruled the objections and exceptions were properly noted. The court did not, at the time of receiving the testimony specifically limit its purposes. However, in the general charge this language was used:

"In this case, members of the jury, certain testimony has been admitted with reference to alleged contracts with other foremen other than the plaintiff. This testimony with reference to contracts with other foremen, was admitted for the purpose of reflecting upon the agency of Mr. Hoffman, who is claimed to represent the company in the making of alleged contracts, and for the purpose of permitting the plaintiff to test the recollection and the credibility of witnesses and for no other purposes."

At page 19, at the conclusion of the reading of the deposition of Fred C. Poole, Mr. Ballard made this specific objection:

"I now move that the jury be instructed to disregard all the evidence relative to conversations had or arrangements made, with any other employe of the Ford Motor Car Company than Jordan, except insofar as it bears upon the question of agency of Mr. Hoffman or Mr. Petit.
"THE COURT: Overruled at this time.
"MR. BALLARD: Note an exception."

We thus have the narrow question presented.

The action of the court upon the specific objection by Mr. Ballard was shown to be continuing in effect, and the language of the charge is tantamount to a sustaining of his objection in its entirety.

We can see no prejudice resulting in the action of the court in retaining the question until the general charge. In fact it is altogether probable that it being among the last things said by the court to the jury respecting the testimony objected to, that it was more effective to impress the jury with the ruling of the court than if it had been made earlier in the case.

We find no error on the part of the court in the particular to which the petition in error is directed, which is so prejudicial to the defendant as to require the granting of a new trial. The judgment of the trial court will therefore be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.